450

Pascasio Fajardo Martínez, recurrente, *v.* Comisión de Oposiciones para Registrador de la Propiedad de Mayagüez, compuesta por Augusto Malaret, R. B. Pérez Mercado, Leopoldo Felíu, F. Fernández Cuyar y Rafael Martínez Álvarez, demandados.

Núm. 330.—*Sometido:* Julio 11, 1939. *Resuelto:* Julio 29, 1939.

*Pascasio Fajardo Martínez, pro se; R. B. Pérez Mercado, F. Fernández Cuyar, Leopoldo Felíu y Rafael Martínez Alvarez, pro se.*

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

La sección 2 de la Ley asignando sueldos a los Registradores de la Propiedad, y para otros fines (Estatutos Revisados de 1911, sección 2140) provee:

"Las vacantes ocurridas o que en lo sucesivo ocurrieren en los Registros de la Propiedad de Puerto Rico, se cubrirán por concurso entre todos los registradores que las solicitaren dentro del término de 15 días siguientes al anuncio de la convocatoria hecha por el Attorney General, y en todos los casos en que a juicio del Gobernador, las cualidades de dos o más de dichos solicitantes fueren iguales, se dará preferencia entre éstos al registrador de la propiedad que haya servido mayor número de años, y en igualdad de antigüedad en el que elija libremente el Gobernador. Los registros que no se pidieren en la forma indicada, se proveerán por oposición verificada ante una comisión de cinco abogados nombrados por la Corte Suprema, y de la cual comisión formará parte necesariamente un registrador de la propiedad; *disponiéndose,* que la comisión formará terna entre los opositores por el orden de aptitud demostrada en las oposiciones.

"En todo caso el Gobernador hará los nombramientos de acuerdo y con el consentimiento del Consejo Ejecutivo."

Con motivo de una vacante existente en el Registro de la Propiedad de Mayagüez se designó tal Comisión y ésta actuó el 4 de noviembre de 1938. Hubo seis aspirantes al cargo y Pascasio Fajardo Martínez, peticionario en este recurso, era uno de ellos. En lugar de enviar una terna al Gobernador de Puerto Rico para que éste hiciera el nombramiento, la Comisión sólo le remitió un nombre. Al ser sometido al Senado el nombramiento no fué confirmado.

El 26 de junio de 1939 Pascasio Fajardo Martínez acudió ante este tribunal en solicitud de un auto de *mandamus*, pidiendo, en síntesis, que se obligara a la Comisión designada a hacer lo que la ley nominalmente dice, es decir, a certificar una terna al Gobernador.

No hay duda de que la Comisión no mandó una terna. Este tribunal expidió el auto alternativo de *mandamus*. Los querellados R. B. Pérez Mercado, Leopoldo Felíu, F. Fernández Cuyar y Rafael Martínez Alvarez, quienes en unión de Augusto Malaret componían la Comisión de Oposiciones, radicaron una moción para anular el auto. La vista del recurso de *mandamus* y de la moción para anular fué celebrada el 11 de julio de 1939.

La posición asumida por la comisión fué más o menos la siguiente: que la Comisión preparó el certificado de conformidad con la aptitud demostrada por los aspirantes; que de acuerdo con el examen celebrado por la Comisión, ninguno de los aspirantes que se presentaron ante ella demostraron aptitud alguna, excepto aquél cuyo nombre fué enviado al Gobernador; que tanto la letra como el espíritu de la ley requieren que para que se forme una terna, todas las personas en ella designadas demuestren la idoneidad que la ley especifica.

Otra de las posiciones asumidas por la Comisión fué que aun si ella estuviera obligada a certificar tres nombres, el de Pascasio Fajardo Martínez no hubiera figurado en la terna. En otras palabras, la Comisión sostiene que el peticionario

dejó de demostrar, según debió haberlo hecho, que él hubiera caído en la terna que la ley requiere que la Comisión certifique.

El peticionario insiste en la letra de la ley, y sostiene que cualquier letrado que ha pasado el examen de reválida que celebra este tribunal es capaz de desempeñar los deberes del cargo de registrador. La Comisión, por otra parte, estudia el caso históricamente y demuestra que en tiempos de España, bajo la práctica allí existente, el examen para registrador de la propiedad era estricto y que los aspirantes al cargo de registrador tenían que demostrar ciertos conocimientos, lo que, según entendemos, contesta el argumento de que cualquier letrado estaría en condiciones de desempeñar los deberes de registrador.

Los querellados también sostienen que la ley de 1904, con su enmienda de 1908, no eliminó la práctica existente bajo la Ley Hipotecaria antes de su adopción y cita el caso de *Giménez* v. *Brenes,* 10 D.P.R. 128, al efecto de que la ley general continúa en vigor hasta que sea expresamente derogada.

Igualmente convenimos en que la Comisión no estaba obligada a certificar una terna a menos que estuviera convencida de que las personas cuyos nombres se incluían eran abogados que tenían los conocimientos que siempre se habían exigido a los registradores de la propiedad, y que ella no estaba obligada a incluir en su lista el nombre de ninguna persona que no cumpliera con estos requisitos, aunque no pudiera remitirse una terna al Gobernador.

*Debe anularse el auto expedido y declararse sin lugar la petición.*

El Juez Asociado Sr. Travieso no intervino.